# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DWAYNE A. OLIVER, | ) | CASE NO. 4:17 CV 1409 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| WARDEN STEVEN MERLAK, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Dwayne A. Oliver has filed this action seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 and has paid the filing fee. His petition challenges a career offender sentence enhancement imposed on him under § 4B1.1 of the United States Sentencing Guidelines in *United States v. Oliver,* 4: 13 CR 284 (N. D. Ohio). He seeks to vacate that sentence.

Mr. Oliver originally filed a motion challenging the sentence enhancement in a motion he filed in this court, with the assistance of counsel, under 28 U.S.C. § 2255 on June 20, 2016. The Sixth Circuit Court of Appeals authorized this court to consider that motion, instructing the court to hold the motion in abeyance pending the Supreme Court's decision in *Beckles v. United States*, 136 S. Ct. 2510 (2016), which presented the issue of whether the career offender enhancement in the Sentencing Guidelines was void for vagueness.

On March 6, 2017, the Supreme Court decided *Beckles* and held that the Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause. *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *5–6, (U.S. Mar. 6, 2017). In light of that decision, this court ordered Mr. Oliver to show cause why his motion under § 2255 should not be dismissed.

Mr. Oliver did not demonstrate that he had a valid constitutional claim to vacate his enhanced sentence after *Beckles*. Instead, he voluntarily dismissed his § 2255 motion.

Now, he purports to seek relief from his enhanced sentence under § 2241.

The petition must be dismissed. Federal district courts must deny a *habeas corpus* petition on initial review if it plainly appears from the face of the petition that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit held that a prisoner may raise a sentence-enhancement claim under § 2241 in very limited circumstances, which the Court defined as

> a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed. 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id*. at 599-600.

Mr. Oliver's petition on its face does not suggest any of these circumstances. Mr. Oliver was not sentenced under the mandatory guideline regime pre-*United States v. Booker*, but was

sentenced post-*Booker*, on May 8, 2014.  (*See* Doc. No. 1 at 10.)  In addition, he was not foreclosed from filing a successive petition under § 2255, and his petition does not demonstrate that a change in statutory interpretation by the Supreme Court applies retroactively to invalidate his enhanced sentence.

**Conclusion**

Accordingly, Mr. Oliver's § 2241 petition is denied and this action is dismissed.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/*Dan Aaron Polster*    11/14/2017
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE